IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PACEM IP HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendant. | Civil Action No. 2:26-cv-759 |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff Pacem IP Holdings LLC ("Pacem" or "Plaintiff"), by and through the undersigned counsel, hereby asserts the following claims for patent infringement against Defendant Home Depot U.S.A., Inc., ("Home Depot" or "Defendant"), and alleges as follows:

**<u>SUMMARY</u>**

1. Plaintiff is the owner by assignment of all right, title and interest in United States Patent Nos. RE48,489; 8,591,062; 8,684,559; 8,752,983; 9,410,687; and 10,260,683 (collectively, the "Patents-in-Suit").

2. Defendant infringes the Patents-in-Suit at least by selling, without authorization, Plaintiff's proprietary technologies incorporated into a number of their commercial products including, *inter alia*, the Ecosmart A19 Clear Bulb (1006777824), Ecosmart B11 60W Replacement Bulb (1004892334), Ecosmart Smart Bulb ST19 Amber (1009880479), Ecosmart Smart A19 Clear Bulb (1009880485), Ecosmart ST19 Classic Glass Bulb (1002914725), and other

substantially similar products (collectively, the "Accused Products"). These Accused Products are marketed, offered, and distributed throughout the United States, including in this District.

3. By this action, Plaintiff seeks to obtain compensation for the harm Plaintiff has suffered, and will continue to suffer, as a result of Defendant's infringement of the Patents-in-Suit.

## NATURE OF THE ACTION

4. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. Defendant has infringed and continues to infringe one or more claims of Plaintiff's Patents-in-Suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this District, and/or by importing the Accused Products into the United States.

6. Plaintiff is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Plaintiff seeks monetary damages for Defendant's infringement of the Patents-in-Suit.

## THE PARTIES

7. Plaintiff Pacem IP Holdings LLC is a Texas limited liability company with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. Plaintiff is the owner of the intellectual property rights at issue in this action.

8. On information and belief, Defendant Home Depot U.S.A., Inc. is a corporation duly organized and existing under the laws of Delaware with its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Home Depot U.S.A., Inc. does business as "The Home Depot" and maintains regular and established places of business in this District, including Home

Depot retail stores located at 411 E Loop 281, Longview, TX 75605; 2530 S Jefferson Ave, Mount Pleasant, TX 75455; and 3901 Old Jacksonville Hwy, Tyler, TX 75701, and a distribution center located at 8655 Corporate Dr., Frisco, TX 75033. Defendant can be served through its registered agent in Texas, Corporation Service Co. d/b/a CSC Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. On information and belief, Defendant, through its online store, distributes, markets, offers to sell, and/or sells the Accused Products in the United States and/or imports the Accused Products into the United States, including in this District, and otherwise directs infringing activities to this District in connection with the Accused Products.

## JURISDICTION AND VENUE

10. As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has general and specific personal jurisdiction over Defendant. Defendant conducts substantial business in the forum, directly and/or through intermediaries, including: (1) at least a portion of the infringing activity alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this District; and (iii) having a regular and established place of business in this State and in this District.

12. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District, including by selling and offering to sell the Accused Products here, and maintains regular and established places of business in this District, including its Home Depot retail stores and distribution center.

## PATENTS-IN-SUIT

### U.S. Patent No. RE48,489

13. U.S. Patent No. RE48,489 (the "'489 Patent") is titled "Gas Cooled LED Lamp" and was issued on March 30, 2021. A true and correct copy of the '489 Patent is attached as Exhibit A.

14. The '489 Patent was filed on February 26, 2018 as U.S. Patent Application No. 15/904,789.

15. Plaintiff is the owner of all rights, title, and interest in and to the '489 Patent, with the full and exclusive right to bring suit to enforce the '489 Patent, including the right to recover for past infringement.

16. The '489 Patent is valid and enforceable under United States Patent Laws.

### U.S. Patent No. 8,591,062

17. U.S. Patent No. 8,591,062 (the "'062 Patent") is titled "LED Lamp" and was issued on November 26, 2013. A true and correct copy of the '062 Patent is attached as Exhibit B.

18. The '062 Patent was filed on March 1, 2013 as U.S. Patent Application No. 13/781,847.

19. Plaintiff is the owner of all rights, title, and interest in and to the '062 Patent, with the full and exclusive right to bring suit to enforce the '062 Patent, including the right to recover for past infringement.

20. The '062 Patent is valid and enforceable under United States Patent Laws.

### U.S. Patent No. 8,684,559

21. U.S. Patent No. 8,684,559 (the "'559 Patent") is titled "Solid State Light Source Emitting Warm Light With High CRI" and was issued on April 1, 2014. A true and correct copy

of the ‘559 Patent is attached as Exhibit C.

22. The ‘559 Patent was filed on June 4, 2010 as U.S. Patent Application No. 12/794,491.

23. Plaintiff is the owner of all rights, title, and interest in and to the ‘559 Patent, with the full and exclusive right to bring suit to enforce the ‘559 Patent, including the right to recover for past infringement.

24. The ‘559 Patent is valid and enforceable under United States Patent Laws.

**U.S. Patent No. 8,752,983**

25. U.S. Patent No. 8,752,983 (the “'983 Patent”) is titled “Gas Cooled LED Lamp” and was issued on June 17, 2014. A true and correct copy of the ‘983 Patent is attached as Exhibit D.

26. The ‘983 Patent was filed on March 1, 2013 as U.S. Patent Application No. 13/781,844.

27. Plaintiff is the owner of all rights, title, and interest in and to the ‘983 Patent, with the full and exclusive right to bring suit to enforce the ‘983 Patent, including the right to recover for past infringement.

28. The ‘983 Patent is valid and enforceable under United States Patent Laws.

**U.S. Patent No. 9,410,687**

29. U.S. Patent No. 9,410,687 (the “’687 Patent”) is titled “LED Lamp With Filament Style LED Assembly” and was issued on August 9, 2016. A true and correct copy of the ‘687 Patent is attached as Exhibit E.

30. The ‘687 Patent was filed on February 22, 2013 as U.S. Patent Application No. 13/774,078.

31. Plaintiff is the owner of all rights, title, and interest in and to the ‘687 Patent, with the full and exclusive right to bring suit to enforce the ‘687 Patent, including the right to recover for past infringement.

32. The ‘687 Patent is valid and enforceable under United States Patent Laws.

**U.S. Patent No. 10,260,683**

33. U.S. Patent No. 10,260,683 (the “’683 Patent”) is titled “Solid-State Lamp With LED Filaments Having Different CCT’s” and was issued on April 16, 2019. A true and correct copy of the ‘683 Patent is attached as Exhibit F.

34. The ‘683 Patent was filed on May 10, 2017 as U.S. Patent Application No. 15/591,646.

35. Plaintiff is the owner of all rights, title, and interest in and to the ‘683 Patent, with the full and exclusive right to bring suit to enforce the ‘683 Patent, including the right to recover for past infringement.

36. The ‘683 Patent is valid and enforceable under United States Patent Laws.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE48,489**

37. Plaintiff incorporates by reference and re-alleges paragraphs 1-36 of the Complaint as if fully set forth herein.

38. Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the ‘489 Patent in violation of 35 U.S.C. § 271 et seq., directly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Ecosmart A19 Clear Bulb (1006777824), Ecosmart B11 60W Replacement Bulb (1004892334), Ecosmart Smart Bulb ST19 Amber (1009880479), Ecosmart Smart A19 Clear Bulb (1009880485), and Ecosmart ST19 Classic

Glass Bulb (1002914725), among other substantially similar products (collectively, the "'489 Accused Products").

39. As just one non-limiting example, set forth in Exhibit G is an exemplary claim chart evidencing Defendant's infringement of claim 11 of the '489 Patent in connection with one of the '489 Accused Products (e.g., the Ecosmart Smart A19 Clear Bulb (1009880485)). This description is based on publicly available information. Pacem reserves the right to modify this description, including, for example, on the basis of information about the '489 Accused Products that it obtains during discovery.

40. At least as early as the filing of the original Complaint, Defendant had knowledge of the '489 Patent, that the '489 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '489 Accused Products with and despite the foregoing knowledge.

41. Defendant's infringement of the '489 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '489 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '489 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '489 Patent since at least as early as the filing of the original Complaint.

43. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '489 Patent, including, without limitation, a reasonable royalty.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,591,062**

44. Plaintiff incorporates by reference and re-alleges paragraphs 1- 43 of the Complaint as if fully set forth herein.

45. Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the ‘062 Patent in violation of 35 U.S.C. § 271 et seq., directly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Ecosmart A19 Clear Bulb (1006777824), Ecosmart B11 60W Replacement Bulb (1004892334), Ecosmart Smart Bulb ST19 Amber (1009880479), Ecosmart Smart A19 Clear Bulb (1009880485), and Ecosmart ST19 Classic Glass Bulb (1002914725), among other substantially similar products (collectively, the "'062 Accused Products").

46. As just one non-limiting example, set forth in Exhibit H is an exemplary claim chart evidencing Defendant's infringement of claim 7 of the ‘062 Patent in connection with one of the ‘062 Accused Products (e.g., the Home Depot Ecosmart B11 60W Replacement Bulb (1004892334)). This description is based on publicly available information. Pacem reserves the right to modify this description, including, for example, on the basis of information about the ‘062 Accused Products that it obtains during discovery.

47. At least as early as the filing of the original Complaint, Defendant had knowledge of the ‘062 Patent, that the ‘062 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the ‘062 Accused Products with and despite the foregoing knowledge.

48. Defendant's infringement of the ‘062 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

49. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '062 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '062 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '062 Patent since at least as early as the filing of the original Complaint.

50. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '062 Patent, including, without limitation, a reasonable royalty.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,684,559**

51. Plaintiff incorporates by reference and re-alleges 1-50 of the Complaint as if fully set forth herein.

52. Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '559 Patent in violation of 35 U.S.C. § 271 et seq., directly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Home Depot Ecosmart Smart Bulb ST19 Amber (1009880479), among other substantially similar products (collectively, the "'559 Accused Products").

53. As just one non-limiting example, set forth in Exhibit I is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '559 Patent in connection with one of the '559 Accused Products (e.g., the Home Depot Ecosmart Smart Bulb ST19 Amber (1009880479)). This description is based on publicly available information. Pacem reserves the right to modify this description, including, for example, on the basis of information about the '559 Accused Products that it obtains during discovery.

54. At least as early as the filing of the original Complaint, Defendant had knowledge of the '559 Patent, that the '559 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '559 Accused Products with and despite the foregoing knowledge.

55. Defendant's infringement of the '559 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

56. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '559 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '559 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '559 Patent since at least as early as the filing of the original Complaint.

57. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '559 Patent, including, without limitation, a reasonable royalty.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,410,687**

58. Plaintiff incorporates by reference and re-alleges 1-57 of the Complaint as if fully set forth herein.

59. Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '687 Patent in violation of 35 U.S.C. § 271 et seq., directly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Ecosmart A19 Clear Bulb (1006777824), Ecosmart B11 60W Replacement Bulb (1004892334), Ecosmart Smart Bulb ST19 Amber (1009880479), Ecosmart Smart A19 Clear Bulb (1009880485), and Ecosmart ST19 Classic

Glass Bulb (1002914725), among other substantially similar products (collectively, the "'687 Accused Products").

60. As just one non-limiting example, set forth in Exhibit J is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '687 Patent in connection with one of the '687 Accused Products (e.g., the Ecosmart ST19 Classic Glass Bulb (1002914725)). This description is based on publicly available information. Pacem reserves the right to modify this description, including, for example, on the basis of information about the '687 Accused Products that it obtains during discovery.

61. At least as early as the filing of the original Complaint, Defendant had knowledge of the '687 Patent, that the '687 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '687 Accused Products with and despite the foregoing knowledge.

62. Defendant's infringement of the '687 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

63. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '687 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '687 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '687 Patent since at least as early as the filing of the original Complaint.

64. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '687 Patent, including, without limitation, a reasonable royalty.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,752,983**

65. Plaintiff incorporates by reference and re-alleges paragraphs 1-64 of the Complaint as if fully set forth herein.

66. Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '983 Patent in violation of 35 U.S.C. § 271 et seq., directly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Ecosmart A19 Clear Bulb (1006777824), Ecosmart B11 60W Replacement Bulb (1004892334), Ecosmart Smart Bulb ST19 Amber (1009880479), Ecosmart Smart A19 Clear Bulb (1009880485), and Ecosmart ST19 Classic Glass Bulb (1002914725), among other substantially similar products (collectively, the "'983 Accused Products").

67. As just one non-limiting example, set forth in Exhibit K is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '983 Patent in connection with one of the '983 Accused Products (e.g., the Ecosmart Smart A19 Clear Bulb (1009880485)). This description is based on publicly available information. Pacem reserves the right to modify this description, including, for example, on the basis of information about the '983 Accused Products that it obtains during discovery.

68. At least as early as the filing of the original Complaint, Defendant had knowledge of the '983 Patent, that the '983 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the '983 Accused Products with and despite the foregoing knowledge.

69. Defendant's infringement of the '983 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

70. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '983 Patent. To the best of Plaintiff's knowledge and belief, no authorized products that are required to be marked with the number of the '983 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the '983 Patent since at least as early as the filing of the original Complaint.

71. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant's infringement of the '983 Patent, including, without limitation, a reasonable royalty.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,260,683**

72. Plaintiff incorporates by reference and re-alleges paragraphs 1-71 of the Complaint as if fully set forth herein.

73. Defendant has infringed and is infringing, either literally or under the doctrine of equivalents, the '683 Patent in violation of 35 U.S.C. § 271 et seq., directly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license products, including but not limited to the Ecosmart Smart A19 Clear Bulb (1009880485), among other substantially similar products (collectively, the "'683 Accused Products").

74. As just one non-limiting example, set forth in Exhibit L is an exemplary claim chart evidencing Defendant's infringement of claim 1 of the '683 Patent in connection with one of the '683 Accused Products (e.g., the Ecosmart Smart A19 Clear Bulb (1009880485)). This description is based on publicly available information. Pacem reserves the right to modify this description, including, for example, on the basis of information about the '683 Accused Products that it obtains during discovery.

75. At least as early as the filing of the original Complaint, Defendant had knowledge of the ‘683 Patent, that the ‘683 Patent was being infringed and that Defendant was not granted a license by Plaintiff. Upon information and belief, Defendant has continued to make, use, sell, offer for sale or import the ‘683 Accused Products with and despite the foregoing knowledge.

76. Defendant’s infringement of the ‘683 Patent is exceptional and entitles Plaintiff to attorneys’ fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

77. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the ‘683 Patent. To the best of Plaintiff’s knowledge and belief, no authorized products that are required to be marked with the number of the ‘683 Patent are being made, used, sold, offered for sale, or imported into the U.S. by a third party. In addition, Defendant has had actual notice of the ‘683 Patent since at least as early as the filing of the original Complaint.

78. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained as a result of Defendant’s infringement of the ‘683 Patent, including, without limitation, a reasonable royalty

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A. That Judgment be entered that Defendant has infringed at least one or more claims of the Patents-in-Suit, directly, literally and/or under the doctrine of equivalents;

B. An award of damages sufficient to compensate Plaintiff for Defendant’s infringement under 35 U.S.C. § 284;

C. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys’ fees;

D. Costs and expenses in this action;

E. An award of prejudgment and post-judgment interest; and

F. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Date: August 26, 2026

Respectfully submitted,

*/s/ Cecil E. Key*

Cecil E. Key
Henning Schmidt
KEY KESAN DALLMANN PLLC
1050 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20036
Phone: (202) 772-3191
Email: cecil.key@kkd-law.com
henning.schmidt@kkd-law.com

ATTORNEYS FOR PLAINTIFF
PACEM IP HOLDINGS LLC